**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ALFRED TREADWELL**                                    **CIVIL ACTION**

**VERSUS**                                              **NO. 15-3081**

**SHERIFF JACK STRAIN, ET AL.**                         **SECTION: "E"(3)**

**REPORT AND RECOMMENDATION**

Plaintiff, Alfred Treadwell, a state prisoner, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against Sheriff Jack Strain, Warden Gregory Longino, Dr. R. Demaree Inglese, Mr. Manesak, Dr. Marcus Dilieo, Dr. Bhatt, Dr. Gary French, Nurse Bubble, and G. Bert. In this lawsuit, plaintiff claims that he was provided with inadequate medical care while incarcerated at the St. Tammany Parish Jail.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires: "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is ... malicious ...." 28 U.S.C. § 1915A(b)(1). Similarly, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law also provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action ... is ... malicious ...." 28 U.S.C. § 1915(e)(2)(B)(i).

A complaint is malicious if the claims asserted therein have already been asserted by the plaintiff in a pending or previous lawsuit against the same or different defendants. Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988). "When declaring that a successive in forma pauperis

suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple – but not more." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

In the instant complaint, plaintiff candidly acknowledges that he previously filed a lawsuit dealing with these same facts.[1]  He has indeed.  In that prior lawsuit, he sued the St. Tammany Parish Jail, Warden Gregory Longino, Sheriff Rodney J. Strain, Jr., and Dr. R. Demaree Inglese, and he asserted these same claims concerning his allegedly inadequate medical care at the St. Tammany Parish Jail.  Because plaintiff had been transferred from the St. Tammany Parish Jail on January 23, 2012, and because that prior lawsuit was not filed until September 18, 2013, the claims in that lawsuit were dismissed as prescribed.  Treadwell v. St. Tammany Parish Jail, Civ. Action No. 13-5889, 2013 WL 9047424 (E.D. La. Dec. 16, 2013) (Wilkinson, M.J.), adopted and supplemented, 2014 WL 3702691 (E.D. La. July 24, 2014) (Berrigan, J.), aff'd, 599 Fed. App'x 189 (5th Cir. 2015).

Undeterred by the Fifth Circuit's decision affirming the dismissal of his claims as prescribed, plaintiff simply filed this new lawsuit approximately three months later.  Because the instant lawsuit duplicates his prior lawsuit, it should be dismissed as malicious.[2]

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights complaint be **DISMISSED WITH PREJUDICE** as malicious.

---

[1] Rec. Doc. 1, pp. 1-2.

[2] The fact that plaintiff has added Mr. Manesak, Dr. Marcus Dilieo, Dr. Bhatt, Dr. Gary French, Nurse Bubble, and G. Bert as additional defendants in the instant lawsuit does not dictate a different result.  A second complaint is still considered malicious if plaintiff "repeats the same factual allegations that he asserted in his earlier case, although he successively sued different defendants." Bailey, 846 F.2d at 1021.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this twenty-second day of September, 2015.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.